HANNIBAL, RALLS COUNTY & PARIS PLANK ROAD CO., Defendant in Error, v. MENEFEE, Plaintiff in Error.

1. The fact that the directors of an incorporated company may have violated the provisions of the charter of the company will not release a subscriber to the stock of the company from his liability to pay calls made upon his subscription of stock.

*Error to Ralls Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Lipscomb* and *Anderson*, for plaintiff in error.

I. The answer of Menefee was a good defence, and should not have been struck out.

*Richmond*, for defendant in error.

RICHARDSON, Judge, delivered the opinion of the court.

This corporation was organized under the act " to authorize the formation of associations to construct plank roads and macadamized roads," approved February 27, 1851. (Sess. Acts, 1851, p. 259.) The original articles of association were signed by the defendant, who subscribed for eight shares to the stock of the company, and, after a part of the road had been made, he was required by the directors to pay instal-

ments on his stock, which he refused to do ; and this suit was brought to recover the calls that were due. The only defence set up in the answer is, that the directors had violated the charter of the company, which required the construction of a plank road, by causing three miles of the road to be made of gravel ; and for that unlawful act of the directors the defendant insisted, as a matter of law, that he was discharged from his obligation to pay his subscription. The answer on motion was stricken out and judgment rendered for the plaintiff. The only question in this case for our consideration is, whether a stockholder is discharged from the payment of his subscription because the directors of a company may violate its charter. The principle involved here is clear of the question, how far a stockholder may be affected in his obligations or relations to the company by a material change in its charter made without his consent ; for it is not pretended that any alteration was made in the charter by any authority competent to change it, but only that the directors abused their trust.

The directors are merely agents of the corporation. They do not own the stock subscribed, and can not sue for it ; and therefore a defence that might be made to a suit, brought in their names and for their personal benefit, would not be responsive to an action in the name of the corporation. This suit is in the corporate name of the company that represents all the stockholders, each one of whom is interested in the proper administration of the assets of the company ; and the suit is practically for their benefit. The real question is, whether a stockholder is discharged from the payment of his subscription and from his duty to bear the part he has assumed of a common burden with other stockholders, because his and their agents in some particular may transcend their authority.

If the directors contract a debt beyond the scope of their power, which they pay, and then call upon a stockholder to contribute his part to reimburse them—if it was simply a controversy between the principal and his agents—contribution

would be denied. But the directors have no power to change the charter of a company, and if they violate it, their unlawful act will not release a stockholder from the payment of his stock ; for if it releases one it would release all ; and if all were discharged, the corporation would be virtually dissolved, and its just creditors would receive nothing, though their debts were contracted in good faith and for the immediate benefit of the company. The defendant only complains that three miles of the road were made of gravel, and we must suppose that the remainder of it was constructed of plank and strictly in conformity to the articles of association ; but if the defence is valid, it would be equally so if only the third of a mile was made of gravel ; and in that case what would become of the obligation of the company to pay for that part properly made ? The laborers and others who assisted to make it would look, not to the directors individually for payment, but to the company, and the company would necessarily rely, for the means to pay with, on the stock subscribed ; but this would be a poor dependence if every stockholder could refuse to pay because his agents had in some other particular abused their trust.

The recognition of the principle asserted in the answer would tolerate repudiation by a corporation of its honest debts in every case where it relies for means on the collection of its stock subscriptions, and the stockholders could discover that the directors in any manner had violated their charter. If it is a good defence that the directors violated the charter, any other unlawful act would justify a like refusal to pay ; and creditors of a corporation, who advance money or perform labor on the faith of the capital stock subscribed, would be the sufferers by the improper conduct of directors, rather than those who clothe them with authority and authorize them to contract for the corporation.

The motion to strike out the answer was properly sustained, and the judgment will be affirmed with the concurrence of the other judges.